IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| WESLEY B. MAYES #1274331 § | |
| § | |
| V. § | A-06-CA-709-SS |
| § | |
| TRAVIS STATE JAIL, NATHANIEL § | |
| QUARTERMAN, WILLIAM HENRY § | |
| DRUMMOND, NATHAN W. WILCOX, § | |
| JOHN FLORES, FRANK HOKE, § | |
| and JACK R. DAUGHERTY § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's amended complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 42); Plaintiff's Memorandum of Law to Support his 1983 Suit (Document No. 38); Plaintiff's Motion to Show the Court the Causal Link Between Plaintiff's Ethmoid Sinusitis and the Black Mold (Document No. 43); Plaintiff's prison grievances (Document No. 44); Defendants' Motion for Summary Judgment (Document No. 65); Defendants' supplement to their Motion for

Summary Judgment (Document No. 65); Plaintiff's response (Document No. 70); Defendants' reply (Document No. 73); and Plaintiff's sur-reply (Document No. 74). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I.  BACKGROUND

At the time he filed his original complaint, Plaintiff was an inmate incarcerated in the Travis State Jail. Plaintiff was subsequently transferred to the Dalhart Unit of the Texas Department of Criminal Justice - Correctional Institutions Division and has filed an amended complaint. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging he was exposed to mold at the Travis State Jail, resulting in a nasal infection. Related to food service, Plaintiff additionally alleges birds were allowed to eat off of inmates' plates, food is served at an inadequate temperature, and the carts used for food service are also used to haul waste. Plaintiff also complains the law library at the Travis State Jail is inadequate and a prison official interfered with his right to access the courts.

Plaintiff sues the Travis State Jail, Nathaniel Quarterman, William Henry Drummond, Nathan W. Wilcox, John Flores, Frank Hoke, and Jack R. Daugherty. He seeks $10,000 in compensatory damages for being exposed to black mold. He seeks an additional $10,000 for the defendants' "deliberate indifference." He also seeks injunctive relief in the form of an order requiring the Travis State Jail to feed the inmates good hot food and to cover the food before the food leaves the kitchen so that food cannot be exposed to the outside air and birds. He further requests the Court to test for mold in the dorms and the air conditioning vents and to observe the birds eating off the food trays.

The individual defendants have been served and move for summary judgment. The Court did not order service upon the Travis State Jail. The individual defendants assert their entitlement

to qualified immunity. They also argue Plaintiff's claims brought against them in their official capacities are barred by sovereign immunity and Plaintiff's request for injunctive relief is moot. Defendants further argue that Plaintiff failed to exhaust his administrative remedies on all of his claims.

## II. ANALYSIS

### A. Standard Under 28 U.S.C. § 1915(e)

Because the Court did not order service upon the Travis State Jail, the Court will analyze Plaintiff's claim against this defendant under 28 U.S.C. § 1915(e). An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

### B. Standard of Review Under Fed. R. Civ. P. 56(c)

The remaining defendants have filed a Motion for Summary Judgment. A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason

v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552.  In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553.  The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations.  Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)).

To the extent facts are undisputed, a Court may resolve the case as a matter of law. <u>Blackwell v. Barton</u>, 34 F.3d 298, 301 (5th Cir. 1994).

    C.    <u>Eleventh Amendment Immunity</u>

Because they are sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment, as such an action is the same as a suit against the sovereign. <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89, 104 S. Ct. 900 (1984). Similarly, the Travis State Jail, to the extent it can be sued, would also be immune. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. <u>Green v. State Bar of Texas</u>, 27 F.3d 1083,1087 (1994).

    D.    <u>Injunctive Relief</u>

Because Plaintiff was transferred to the Dalhart Unit, his request for injunctive relief should be dismissed as moot. <u>Biliski v. Harborth</u>, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ); <u>White v. Colorado</u>, 82 F.3d 364 (10th Cir. 1996) (dismissing as moot plaintiff's claims for prospective injunctive relief due to plaintiff's release from prison); <u>Garrett v. Angelone</u>, 940 F. Supp. 933 (W.D. Vir. 1996) (dismissing as moot the plaintiff's claims regarding the conditions at institutions from which the plaintiff had been transferred) (citing <u>Williams v. Griffin</u>, 952 F.2d 820 (4th Cir. 1991); <u>Magee v. Waters</u>, 810 F.2d 451 (4th Cir. 1987)).

E.   Qualified Immunity

Plaintiff's remaining claims are brought against the defendants in their individual capacities for monetary damages. The individual defendants assert their entitlement to qualified immunity.

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995). In general, "qualified immunity represents the norm." Id. With respect to a ruling on qualified immunity, the first question a court should address is "whether the plaintiff has alleged a violation of a clearly established constitutional right." Siegert v. Gilley, 500 U.S. 226, 231, 111 S. Ct. 1789 (1991); Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995). If the Plaintiff has alleged a constitutional violation, the court must then determine whether the defendant's conduct was objectively reasonable under legal principles as they existed at the time of the defendant's acts or omissions. Hale, 45 F.3d at 917, citing Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993), cert. denied, 510 U.S. 1123, 114 S. Ct. 1081 (1994); Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993).

Claims of qualified immunity require a two step analysis. As a threshold matter, the court must consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001); Glenn v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001). If the

allegations do not establish the violation of a constitutional right, the official is entitled to qualified immunity. Saucier, 533 U.S. at 201, 121 S. Ct. at 2156. If the allegations could make out a constitutional violation, the court must ask whether the right was clearly established – that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202, 121 S. Ct. at 2156. If an official makes a reasonable mistake as to what the law requires, the officer is entitled to immunity. Id. at 205, 121 S. Ct. at 2158. As explained below, Plaintiff has failed to establish a constitutional violation. As such, the defendants are entitled to qualified immunity.

### F. Conditions of Confinement

Plaintiff complains of the conditions of his confinement at the Travis State Jail. The Fifth Circuit has stated that like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components. For the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim." Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998) (citations omitted). The subjective component requires a showing of deliberate indifference to the inmates' health or safety. Farmer v. Brennan, 511 U.S. 825, 837-38, 114 S. Ct. 1970, 1979 (1994). To establish "deliberate indifference," Plaintiff must allege facts which, if proved, show that jail officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994)).

In addition, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The injury required by this statute "must be more than de minimus [sic], but need not be significant." Alexander v. Tippah County, Mississippi, 351 F.3d 626, 630-31 (5th Cir. 2003), cert. denied, 541 U.S. 1012, 124 S. Ct. 2071 (2004).

    1.    Mold

Plaintiff complains the jail is full of mold, which caused his sinus infection. As a result, Plaintiff alleges his sense of smell is not as good as it used to be. Although Plaintiff contends the mold was black mold, Plaintiff does not claim to be an expert on such matters.

In the present case, it is debatable whether Plaintiff has set out an arguable claim on the objective component under the deliberate indifference standard. See Farris v. Daugherty, No. 6:06-CV-242, 2006 WL 3063429 at *3 (E.D. Tex. Oct. 27, 2006) (debatable whether the plaintiff set out an arguable claim on the objective component by claiming mold in the jail caused him headaches).

More importantly, Plaintiff has failed to establish more than a de minimis injury. In Plaintiff's case he complains he suffered from Ethmoid Sinusitis, commonly termed a sinus infection. Such injury is de minimis. See Gill v. Shoemate, No. A-05-CV-2124, 2006 WL 1285412 at *5 (W.D. La. May 8, 2006) (the plaintiff's claim for monetary damages occasioned by his exposure to mold, mildew, dust or fumes, which resulted in head aches and eye and throat irritation, are legally without merit); Smith v. Fox, No. 4:05-CV-1554-GRA-TER, 2006 WL 2090170 at *6 (D.S.C. July 25, 2006) (inmate, who allegedly suffered from migraines and sores in his nose and mouth as a result of the mold and mildew in his cell, did not show any significant physical or emotional injury as a result of any constitutional violation). Without proof of physical injury, Plaintiff cannot maintain a civil rights action based on unsanitary living conditions.

2.  Food

Plaintiff also complains the food served at the jail is unsanitary and not hot. The law is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985); Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980), cert. denied, 450 U.S. 1041, 101 S. Ct. 1759 (1981). The due process clause is satisfied as long as inmates are served well-balanced meals, containing sufficient nutritional value to preserve health. Green v. Ferrell, 801 F.2d 765, 770 n.5 (5th Cir. 1986).

Plaintiff fails to provide the Court with any evidence supporting his arguments that the temperatures of the food are dangerous or the manner in which they are served jeopardizes his health. Plaintiff points out in his response that he suffered from diarrhea on one occasion, which claim is supported by his medical records. See Defendants' Exhibit C, Part 1 of 6 at 34.

Plaintiff's brief bout with diarrhea is de minimis and is legally without merit. See Cotter v. Dallas County Sheriff, No. 3:05-CV-2225-H, 2006 WL 1652714 at *3 (N.D. Tex. June 15, 2006) (two incidents of vomiting and diarrhea because of "sour trays" was de minimis); see also Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001) (holding that a plaintiff was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom); Cluke v. Bowles, No. 3-04-CV-0666-M, 204 WL 2002247 at *2 (N.D. Tex. Sept. 7, 2004), rec. adopted, 2004 WL 2805827 (N.D. Tex. Dec. 6, 2004) (plaintiff failed to satisfy PLRA requirements with regard to dirty food tray claim where he suffered no physical injury).

G.     Access to Court

Plaintiff alleges Defendant Drummond failed to find Shepardized material, promptly mail legal material, provide books or allow inmates to meet with one another to discuss litigation strategy. Plaintiff also alleges Defendant Hoke failed to ensure that there were adequate federal research materials at the unit library. In his response Plaintiff adds he was unable to file his in forma pauperis application with his civil rights complaint in this case. As a result, this Court issued a deficiency notice.

It is settled law that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998) (citing Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977)). Nevertheless, this constitutional guarantee does not afford prisoners unlimited access to prison law libraries. Id. Limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests." Id. (citing Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2185 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261-62 (1987)). Additionally, before a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." Id. at 230-31 (citing Eason v. Thaler, 73 F.3d at 1328) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)).

In addition, Plaintiff possesses no special First Amendment right to provide legal advice to his fellow inmates. See Shaw v. Murphy, 532 U.S. 223, 229, 121 S. Ct. 1475 (2001) (prisoners do not have a "freestanding right to receive legal advice"). The Fifth Circuit has also held there is no

right to give or receive legal assistance from a jailhouse lawyer independent of the right of access to the court. See Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996) (prisoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed).

     Plaintiff does not allege nor has he shown that he was prohibited from filing any non-frivolous claims while confined at the Travis State Jail.  While confined at the Travis State Jail, Plaintiff timely filed this action, challenging, among other things, the conditions of his confinement at the jail.  Plaintiff is correct in that his original complaint was not accompanied by an application to proceed in forma pauperis.  However, the Court provided Plaintiff additional time to file his application, which he did, and the application was subsequently granted.  Additionally, the Court's records reflect, while confined at the Travis State Jail, Plaintiff filed a civil rights complaint against Harris County officials on September 19, 2005, which this Court transferred to the United States District Court for the Southern District of Texas, Houston Division.  See Mayes v. Harris County Sheriff, No. A:05-CV-766-SS (W.D. Tex.), No. H-05-CV-3586 (S.D. Tex.).  On March 6, 2006, Plaintiff filed another civil rights action, while confined at the Travis State Jail, regarding the medical care he was receiving at the jail.  See Mayes v. Issac, No. A:06-CV-163-SS (W.D. Tex.).  In addition, on December 1, 2006, while confined at the Travis State Jail, Plaintiff filed a habeas corpus action, challenging a disciplinary case he received at the Travis State Jail.  See Mayes v. Quarterman, No. A:06-CV-947-SS (W.D. Tex.).  Plaintiff certainly has shown no difficulty in filing civil lawsuits in this Court.  Because Plaintiff fails to demonstrate how he was prejudiced by the defendants actions or inactions, he has failed to allege a valid constitutional violation regarding his access to courts.

H.     Retaliation

Plaintiff also appears to allege Defendant Drummond retaliated against Plaintiff, because Plaintiff was going to file a lawsuit against Drummond. Specifically, Plaintiff alleges Drummond did not provide some cases to Plaintiff until some six months after his request because "the cases was on what he has been doing to us at Travis State Jail." In his response to Defendants' Motion for Summary Judgment Plaintiff adds Drummond wrote a disciplinary case against him and Inmate Sampay, because they threatened to tell rank that Drummond was not doing his job. Apparently, Plaintiff asked Drummond to allow multiple offenders, who Plaintiff attempted to add as plaintiffs to this lawsuit, to come to the library to fill out an in forma pauperis document. According to Plaintiff, Drummond told him it was Plaintiff's problem to get the in forma pauperis documents to the court. Plaintiff also complains that Drummond, as counsel substitute, provided inadequate assistance at Plaintiff's disciplinary proceeding.

The Court initially notes Plaintiff's retaliation claim is difficult to separate from his denial of access to courts claim. Nevertheless, to state a valid claim for retaliation under § 1983, a prisoner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324–25 (5th Cir. 1999). Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." Id. (quoting Cain v. Lane, 857 F.2d 1139, 1143 (5th Cir. 1988)). Finally, the retaliatory adverse act must be more than inconsequential or de minimis,

that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. Morris v. Powell, 449 F.3d 682 (5th Cir. 2006).

Plaintiff's allegations of retaliation are nothing more than rank speculation. In addition, it cannot be said that Drummond's alleged actions were so chilling or disturbing, that it would silence a person of ordinary firmness from future First Amendment activities. Id. at 685-86. There is no evidence that Plaintiff was silenced in any manner.

I. Supervisory Liability

Plaintiff appears to hold Defendant Quarterman liable in his supervisory capacity. However, supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. Monell v. Department of Social Services, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 304. Plaintiff has failed to provide a basis for holding Defendant Quarterman liable in this case.

J. Exhaustion of Administrative Remedies

Defendants also argue Plaintiff failed to exhaust his administrative remedies with respect to his conditions of confinement claims.

Prisoners are required to exhaust prison grievance procedures before filing suit in federal court. 42 U.S.C. § 1997e(a); Jones v. Bock, ---U.S. ----, ----, 127 S. Ct. 910, 914 (2007); Woodford v. Ngo, --- U.S. ----, ----, 126 S. Ct. 2378, 2382 (2006). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734, 121 S. Ct. 1819, (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

The Texas Department of Criminal Justice ("TDCJ") provides a two-step procedure for presenting administrative grievances.[1] A prisoner must pursue his grievance at both the Step 1 and Step 2 levels in order to exhaust his administrative remedies. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004) (citing Wright, 260 F.3d at 358). The purpose of the exhaustion requirement is to alert prison officials of problems so that the prison has a chance to address the claims before they reach federal court. Woodford, 126 S. Ct. at 2388. As acknowledged by the Supreme Court, Congress intended the administrative process to "filter out some frivolous claims and foster

---

[1] Step 1 requires the prisoner to submit an administrative grievance at the institutional level. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998) (citing to TDCJ Administrative Directive No. AD-03.82 (rev.1), Policy, ¶ IV (Jan. 31, 1997)). After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Id. Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Correctional Institutions Division of the TDCJ. Id. After an investigation, the departmental grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director or assistant director. Id.

better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding." Booth, 532 U.S. at 737.

Defendants contend Plaintiff failed to exhaust his administrative remedies because he did not grieve specifically against any of the named defendants. The Supreme Court recently held that the Prison Litigation Reform Act (PLRA) contains no requirement concerning who must be named in a prison grievance in order to exhaust properly the prison grievance system. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007). Rather, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. at 923. Defendants make no argument, and there is no indication in the record, that the Texas grievance procedures require the prisoner to specifically name a particular official.

Defendants also contend Plaintiff's grievances regarding mold and food are only valid for 15 calendar days prior to the date of his Step 1 grievances. Therefore, Defendants conclude Plaintiff's claims related to time periods prior to the fifteen days are unexhausted. Defendants offer no legal support for their contention. Therefore, Plaintiff's claims should not be dismissed for failure to exhaust his administrative remedies.

### III. RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims brought against the Travis State Jail and **GRANT** the Motion for Summary Judgment filed by Defendants Quarterman, Drummond, Wilcox, Flores, Hoke and Daugherty.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE